# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER A. IRELAND** | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO. 1:10-1689** |
| **v.** | : | |
| | | **(CONNER, D.J.)** |
| **PA BOARD OF PROBATION AND** | : | **(MANNION, M.J.)** |
| **PAROLE, _et. al.,_** | | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION[1]

Pending before the court are two motions to dismiss the amended complaint and a second motion to amend the complaint. The first motion to dismiss is on behalf of defendants Dale R. Brungart, David Durst, PA Board of Probation & Parole, PA Department of Corrections, Records Officer and SCI Rockview.  (Doc. No. 31). The second motion to dismiss is on behalf of defendants Caryn Hamm, Bethanne Burkholder, Richard Goss, Marirosa Lamas, Tim Miller, Steven Morningstar, Brian Thompson and Parole Agent Norma McGinnis. (Doc. No. 57). Also pending before the court is plaintiff Christopher Ireland's second motion to amend/ correct the complaint. (Doc.

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

No. 45). For the reasons set forth below, the court will recommend that the Motions to Dismiss be **GRANTED** and the Motion to Amend the complaint be **DENIED.**

As an initial matter, before the court recommends disposition of the pending motions, there is one issue that needs to addressed. That is service of process on defendant Board Agent Johnson. The summons was issued to him on July 18, 2011. On July 28, 2011, the summons was returned unexecuted, with a note on it that read "*Unable to Serve - Return Unexecuted Numerous "Johnsons" employed with Pa Probation and Parole - as Board Agents, Parole Officers, etc *Need first name of defendant Johnson to serve - see attached." (Doc. No. 41 at 1). "Called PA Board of Probation - HR was unable to provide exact defendant - numerous "Johnson's" employed with PA Probation and Parole Inmate need[s] to provide first name and address. (*Id.* at 2). As a result of the return of the unexecuted summons, on August 4, 2011, this court issued an order directing plaintiff to supply the court with the first name and address for defendant Board Agent Johnson by August 31, 2011, otherwise we would recommend dismissal of Board Agent Johnson from the action. (Doc. No. 43). Plaintiff has not responded to this order, thus, as we warned in that order, we will recommend the dismissal of

Board Agent Johnson from the action.

## I.    BACKGROUND

A.  Facts

For the purposes of the instant report and recommendation only, accepting as true all of the allegations in the amended complaint, (Doc. No. 28), the facts are as follows. In 1993 Ireland was charged in Pennsylvania's Court of Common Pleas with several crimes, including rape by forcible compulsion, involuntary deviate sexual intercourse, terroristic threats, unlawful restraint, simple assault and corruption of a minor. Ireland proceeded to a jury trial where he presented the defense of consent and mistake as to age. Ireland was only found guilty of corruption of a minor, in violation of 18 Pa. C.S. §6301. At the time of the offense, the statute read:

Corruption of minors

**(a) Offense defined.**—Whoever, being of the age of 18 years and upwards, by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of any crime, or who knowingly assists or encourages such minor in violating his or her parole or any order of court, is guilty of a misdemeanor of the first degree.

**(b) Adjudication of delinquency unnecessary.**—A conviction under the provisions of this section may be had whether or not the jurisdiction of any juvenile court has attached or shall thereafter attach to such minor or whether or not such minor has been

adjudicated a delinquent or shall thereafter be adjudicated a delinquent.

**(c) Presumptions.**—In trials and hearings upon charges of violating the provisions of this section, knowledge of the minor's age and of the court's orders and decrees concerning such minor shall be presumed in the absence of proof to the contrary.

**(d) Mistake as to age.**—

(1) Whenever in this section the criminality of conduct depends upon the corruption of a minor whose actual age is under 16 years, it is no defense that the actor did not know the age of the minor or reasonably believed the minor to be older than 18 years.

(2) Whenever in this section the criminality of conduct depends upon the corruption of a minor whose actual age is 16 years or more but less than 18 years, it is a defense for the actor to prove by a preponderance of the evidence that he reasonably believed the minor to be 18 years or older.

Ireland served a sentence for this conviction.

At some point after his release from prison for the 1993 corruption of a minor offense, Ireland was found in possession of a firearm. On January 14, 2009, Ireland was sentenced, again by the Pennsylvania Court of Common Pleas, to 2-4 years for possessing a firearm in violation of 18 Pa. C.S.A. §6105. Ireland is serving this sentence at SCI Rockview, a Pennsylvania state correctional institution.

According to Ireland, in 2009, he was interviewed by defendant David

4

Durst, a psychologist, to determine if Ireland would be required to attend the Sex Offenders Treatment Program ("SOTP").  Durst allegedly determined that SOTP was not required for Ireland, and Durst emailed counselor Jennifer Jackson and defendant parole agent Norma McGinnis and disclosed the substance of his discussion with Ireland. Ireland alleges that he did not give Durst permission to disclose any information learned from Durst's discussions with Ireland. According to Ireland, both Jackson and McGinniss confirmed, in separate discussions with Ireland, that they each had received an email from Durst, and that Ireland would not be required to complete the SOTP.

As a result of the aforementioned discussions, defendants unit manager Tim Miller and records officer Dale Brungart[2] permitted Ireland to work in the prison's forestry program.

Ireland applied for pre-release, which, according to the complaint, was granted with a pre-release date of January 4, 2010. Ireland was informed by "unit manager" (it is unclear from the complaint if this reference is to Tim Miller or some other unit manager) and defendant Steven Morningstar that Ireland was being held to see the Pennsylvania Board of Probation and Parole.

---

[2]Although the Records Officer and Dale R. Brungart are listed separately on the docket, they are apparently one and the same person.  This is confirmed by Brungart's brief, Doc. No. 35 at 7.

According to the complaint, on December 15, 2009, a hearing was held and defendant Caryn Hamm informed Ireland that he lied to staff in stating that he was not convicted of a sex offense, and he was a sex offender who would be denied parole and required to complete the SOTP. As a result, Ireland was also removed from the forestry program.

Ireland spoke with Morningstar who confirmed that Ireland was denied parole because he was a sex offender who was required to complete SOTP.

On December 29, 2009, Ireland filed a grievance regarding his removal from the forestry program, the revocation of his prerelease date, and the statement from Hamm that he would have to complete SOTP. The grievance was denied.  Ireland appealed to defendant facility manager Brian Thompson, with allegedly no response from Thompson.

On January 20, 2010, Ireland was denied parole. According to Ireland the denial stated:

> You are denied parole/reparole. The reasons for the Board's decision include the following: You need to participate in and complete additional institutional programs; your prior unsatisfactory parole supervision history, reports, evaluations and assessments/level of risk indicates your risk to the community; your failure to demonstrate motivation for success; your minimization/denial of the nature and circumstances of the offense(s) committed; your refusal to accept responsibility for the offense(s) committed. You are to be reviewed in or after September 2010 at your next interview, the Board will review your

file and consider: whether you have successfully completed a treatment program for sex offenders and violence prevention; whether you have maintained a favorable recommendation for parole from the Department of Corrections; whether you have maintained a clear conduct record.

Ireland then requested information from Durst regarding the criteria for placement in SOTP. According to Ireland, Durst responded "Your recommendation derives from a quantitative assessment tool. It was also determines that the C.O.M. (Corruption of the Moral[s] of a Minor 18 Pa. C.S. 6301(a) was sexual in nature which also resulted in the 1 year S.O.P."

On April 19, 2010, defendant Bethanne Burkholder forwarded Ireland mail informing him that his sex offender group will begin on April 25. According to Ireland, Burkholder posted Ireland's SOTP schedule for all inmates to see. Ireland reported to a psychologist on May 3 and told her he was not convicted of a sex offense and he refused to ever attend SOTP.

On July 9, 2010, Morningstar told Ireland that he would not receive a recommendation for parole because Ireland failed to complete SOTP. On September 2, 2010, Ireland was interviewed by defendant Johnson. Ireland informed him/her that he did not complete SOTP because he had gone 17 years without repeating the conduct in question, and because in 1993 corruption of a minor was not designated as a sex offense.

On October 6, 2010, the Pennsylvania Board of Probation and Parole again denied Ireland parole. According to Ireland, this denial stated:

> You[] are denied parole/reparole. The reasons for the Board's decision include the following: Your unacceptable compliance with prescribed institutional programs; your need to participate in and complete additional institutional programs; the negative recommendation made by the Department of Corrections; reports, evaluations and assessments/level of risk indicates your risk to the community; your failure to demonstrate motivation for success; other factors deemed pertinent in determining that you should not be paroled: You declined to fully participate in interview with the parole staff or parole decision makers; at your next interview, the Board will review your file and consider: Whether you have successfully participated in a treatment program for sex offenders: Whether you have received a favorable recommendation for parole from the Department of Corrections: Whether you have maintained a clear conduct record: Whether you have completed the Department of Correction[']s prescriptive program[s].

On July 21, 2010, Plaintiff filed another grievance about his denied parole. Defendant Dr. Richard Goss responded that "[t]here is sufficient sexual behavior which mandate[s] SO[T]P even with the vacated sentence." On September 15, 2010, Ireland appealed the grievance to defendant superintendent Marirosa Lamas. According to Ireland, Lamas did not respond to the grievance until sometime in October of 2010, when she upheld the grievance. On November 1, 2010, Ireland appealed again. The denial of the grievance was again upheld.

On January 31, 2011 Durst called Ireland to his office to perform a psychological evaluation for the Board's use in the parole determination process. Ireland refused to comply citing the instant lawsuit and his allegations that Durst violated his privacy.

On April 6, 2011, another parole hearing was held, at which time Morningstar informed Ireland that parole was once again being denied because Ireland did not complete SOTP.

B.  Procedural History

On June 10, 2011, defendants David Durst, Dale Brungart/Records Officer, PA Board of Probation and Parole, PA Department of Corrections and SCI-Rockview filed a Motion to Dismiss the Amended Complaint. (Doc. No. 31).  After an extension of time within which to file a brief, and an allowance to file a corrected brief were both given, these defendants' supporting brief was timely filed on July 11, 2011. (Doc. No. 35). After an extension of time within which to file a brief was given, on August 10, 2011 Ireland filed an opposing brief. (Doc. No. 44). After an extension of time within which to file a brief was granted, on September 1, 2011 defendants timely filed a reply brief. (Doc. No. 55).

On September 19, 2011, defendants Caryn Hamm, Norma McGinnis,

Marirosa Lamas, Brian Thompson, Timothy Miller, Richard Goss, Bethanne Burkholder and Steven Morningstar filed a Motion to Dismiss the Amended Complaint. (Doc. No. 57). On October 3, 2011, these defendants filed their supporting brief. (Doc. No. 58). On October 25, 2011, Ireland filed an opposing brief. (Doc. No. 60). On November 17, 2011, these defendants filed a reply brief. (Doc. No. 62).

The court will consider both motions together because they raise most of the same claims, with some differences as they apply to the individual defendants. All defendants are represented by the same counsel, the Pennsylvania Attorney General's Office. Presumably, the sole reason the motions were filed separately, as opposed to one joint motion, is because of the different service dates due to the addition of defendants in the first amended complaint.

On August 16, 2011, Ireland filed a [Second] Motion to Amend/Correct the Complaint along with a supporting brief. (Doc. No. 45) and (Doc. No. 46). Defendants filed an opposing brief on September 1, 2011. (Doc. No. 54).

## II.   STANDARD OF REVIEW

When considering a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6), the court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). "The tenet that a court must accept as true all of the [factual] allegations contained in the complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, (internal citations omitted). In ruling on such a motion, the court primarily considers the allegations of the pleading, but is not required to consider legal conclusions alleged in the complaint. Kost, 1 F.3d at 183. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 662.

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Hellmann v. Kercher, 2008 WL 2756282, *3 (W.D. Pa. 2008). Federal Rule of Civil Procedure 8 "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964, (2007) (citing Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, (1957)). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Hellman, 2008 WL 2756282 at *3. Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Twombly, 127 S.Ct. at 1965. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." Iqbal, 556 U.S. at 662, citing Fed. R. Civ. P. 8(a). The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and fact finding." Neitzke v. Williams,

490 U.S. 319, 326-27 (1989). A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." Id. at 326. If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Id. at 327

## III.   ANALYSIS

Defendants argue that the amended complaint should be dismissed because Ireland's sole remedy is to file a Writ of Habeas Corpus, his claims are barred by the *11th Amendment* to the United States Constitution; the amended complaint fails to state a claim under the *Ex Post Facto* clause of the United States Constitution; the amended complaint fails to state a claim under the *Due Process* clauses of the United States Constitution; the amended complaint fails to state a *First Amendment* retaliation claim; the amended complaint fails to state a claim for violations of privacy rights; and the state law claims are barred by sovereign immunity.

We turn first to the first argument raised by defendants: that because Ireland is challenging the fact or duration of his imprisonment, his sole remedy

is writ of habeas corpus. Ireland argues that his challenge is to the Constitutionality of the parole hearings, thus the Supreme Court's holding in *Wilkerson v. Dotson* applies, and he can bring the instant action as a 42 U.S.C. § 1983 action. 544 U.S. 74; 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005).

*Wilkerson* is instructive on this issue. Wilkerson v. Dotson, 544 U.S. 74 (2005). In *Wilkerson* two prisoners brought a §1983 action asserting that Ohio's state parole procedures violated the United States Constitution, and they sought declaratory and injunctive relief. *See* Id. In both circumstances, parole guidelines that were adopted after each prisoner began serving their respective terms were applied to the parole considerations of each prisoner. *See* id. at 76-77. Both prisoners brought suit under §1983 arguing that the application of the after-adopted parole guidelines violated the *Ex Post Facto* and *Due Process* clauses of the United States Constitution, and sought a declaratory judgment for a new parole hearings and an injunction to prohibit the state from violating these Constitutional rights in the future. *See* id. at 77.

The Supreme Court wrote a lengthy and detailed opinion explaining the contours in the law that determine when a prisoner attacking parole-eligibility proceedings can proceed via §1983, and when they must proceed via writ of habeas corpus. *See* Wilkerson, 544 U.S. at 78-84. It has long been "held that

14

a prisoner in state custody cannot use a §1983 action to challenge "the fact or duration of his confinement," and "seeks either "immediate release from prison," or the "shortening" of his term of confinement."" Id. at 78-79. Because the contours between §1983 and the federal habeas statutes are at issue here, we will detail the history the *Wilkerson* court traveled to understand why here, Ireland must bring this action as a habeas case.

In *Preiser v. Rodriguez*, the Court first "addressed the relationship between §1983 and the federal habeas statutes." Wilkerson 544 U.S. at 78; Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973). The *Preiser* court held that when a prisoner is seeking the restoration of good-time credits, this "in effect demands the immediate release or a shorter period of detention," thus attacking "the very duration of physical confinement." Wilkerson, 544 U.S. at 79, *citing Preiser* 411 U.S. at 487-488. Thus, this type of action must be brought as a habeas claim.

The *Wilkerson* court next looked at *Wolff v. McDonnell*, where once again, prisoners were challenging the revocation of their good-time credits. Wilkerson, 544 U.S. at 79; Wolff v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). The Court held that, pursuant to *Preiser*, the prisoners could not use §1983 to claim restoration of their good-time credits;

but, the prisoners could use §1983 to obtain a declaration that the disciplinary procedures were invalid along with an injunction that prospective enforcement of invalid prison regulations was barred. Wilkerson, 544 U.S. at 79-80 (internal citations omitted). The court came to this conclusion because the declaratory judgment and injunction would not have necessarily meant an immediate release or shorter period of incarceration for the prisoners. Id.

The *Wilkerson* court next turned to *Heck v. Humphrey*. Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In *Heck* a state prisoner brought at §1983 action for damages challenging the constitutionality of the conduct that led to his conviction. *Wilkerson*, 544 U.S. at 80 (internal citations omitted). Both because the prisoner here was challenging the validity of his criminal judgment; and, additionally, establishing the basis for the damages claim would necessarily demonstrate the invalidity of his conviction, the action could not proceed under §1983, but as a habeas claim. Id.

Finally, the *Wilkerson* court looked at *Edwards v. Balisok*. Edwards v. Balisok, 520 U.S. 641, 117 S. Ct. 1584, 137 L. Ed. 2d 906 (1997). The prisoner in *Edwards* was seeking a declaration that the procedures employed violated due process, damages for the use of unconstitutional procedures,

16

and an injunction to prevent future violations.  Because success on the claim for money damages, would, if established, necessarily imply the invalidity of the deprivation of his good-time credits, habeas was the sole vehicle available to him. *See Wilkerson* 544 U.S. at 80-81. However, the claim for injunction for future proceedings did not fall within habeas' exclusive domain. *See id. at 81*.

To summarize, if the remedy sought would directly or indirectly result in an invalidation of the duration of confinement, then habeas is the sole remedy. *See Wilkerson* 544 U.S. at 81. "§1983 remains available for procedural challenges where success in the action *would not necessarily* spell immediate or speedier release for the prisoner." Id. (emphasis in original).  If damages awarded upon success *"would necessarily* imply the unlawfulness of a (not previously invalidated) conviction or sentence" then the prisoner can not use §1983. Id. (emphasis in original). "These cases, taken together, indicate that a state prisoner's §1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 80-81 (emphasis in original).

17

In Ireland's opposing brief, he argues that he is not challenging the fact or duration of his incarceration, but he is challenging the constitutionality of his parole hearings and the classification of plaintiff as a sex offender during those proceedings based on interpretation of a statute that was amended after his offense occurred. In some ways, it does appear that this is the brunt of his complaint. However, his complaint requests declaratory and injunctive relief (of what is unknown, Ireland does not specify what declaration or injunction he demands); punitive and compensatory damages against Durst for $50,000 (presumably for the privacy claim); punitive damages in the amount of $1,000 a day for every day he was held due to the parole denial against defendants Lamas, Thompson, Goss, Durst, Johnson, Hamm, Burkholder, Morningstar, M.E.C. (it is unknown whom this refers to), Varner (who is not a named defendant), and Williams (who is also not a named defendant); attorneys fees; and the maximum allowed by law for the "chira" violations (it is not clear to the court what chira refers to).

Based on the *Wilkerson* analysis, to determine if a action brought by a state prisoner can remain a §1983 claim, the question we must answer is this: if we were to find in favor of Ireland, and we were to grant relief, would the relief granted necessarily invalidate Ireland's confinement or the duration of

18

Ireland's confinement?

As it applies to the privacy case against Durst, the answer is no. Ireland is seeking damages against Durst for violating his privacy. This would not necessarily invalidate Ireland's confinement or the duration of his confinement, as such, this count could proceed as a §1983 claim. Additionally, Ireland's request for declaratory and injunctive relief in regards to his Constitutional claims could also proceed as a §1983 claim.

However, as it applies to the demand for punitive damages for $1,000 for every day Ireland was held due to the parole denial, the answer is a resounding yes. If we were to award $1,000 to Ireland for every day he was held because parole was denied, we would necessarily be invalidating the duration of Ireland's confinement. It is this demand for relief, relief that asks the court to invalidate the duration of his confinement, that necessarily turns what otherwise could proceed as a §1983 claim, into a claim that can only be pursued under the habeas statutes. Because we have answered this question in the affirmative, based on the way the complaint is written now, the only relief for Ireland is to bring this claim via writ of habeas corpus.

As a result, it is recommended that the motions to dismiss be

**GRANTED**.[3]

We will also recommend that plaintiff's motion to amend the complaint be **DENIED** as the amended complaint, as it is written now, would not cure the deficiencies as described above. (Doc. Nos. 45 and 47).

## IV. RECOMMENDATION

For the reasons elaborated above, **IT IS RECOMMENDED THAT:**

**(1)** the motion to dismiss the amended complaint by defendants Brungart, Durst, PA Board of Probation & Parole , PA Dept. of Corrections, Records Officer, and SCI Rockview, (Doc. No. 31), be **GRANTED**.

**(2)** the motion to dismiss the amended complaint by defendants Hamm, Burkholder, Goss, Lamas, Miller, Morningstar, Thompson and McGinnis, (Doc. No. 57), be **GRANTED**.

**(3)** the motion to amend/correct the complaint by plaintiff, (Doc. No. 45), be **DENIED**.

---

[3]In the alternative, the court could choose to issue a Notice of Election to Ireland. In accordance with United States v. Miller, 197 F. 3d 644 (3d Cir. 1999), This would allow Ireland to: (1) have the complaint ruled on as filed as an action pursuant to 42 U.S.C. §1983; (2) have his petition re-characterized as a 28 U.S.C. §2254 motion and be heard as such, but in that event he will lose his ability to file a second or successive petition absent certification by the court of appeals; or (3) withdraw his complaint and file one all-inclusive §2254 motion within the one-year statute of limitations period prescribed by the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), Pub. L. No. 104-132, Title 1, §§101-108, 110 Stat. 1214, 1217-21 (1996).

**(4)**     defendant Board Agent Johnson be **DISMISSED** from the action;

**(5)**     plaintiff's complaint (Doc. No. 28) be **DISMISSED WITHOUT PREJUDICE.**

**(6)**     in the alternative, a Notice of Election be issued upon the District Court's adoption of this order.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**DATE:** March 16, 2012
O:\shared\REPORTS\2010 Reports\10-1689-01.wpd

21